UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ELDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  2:12-cv-0769 CKD<br><br><br><br>ORDER |

Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court.  Plaintiff seeks fees in the amount of $3,913.45 based on 21.30 hours at the rate of $183.73 per hour for attorney time.  No opposition has been filed.

　　A.  Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.  An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four for a supplemental hearing with remedial instructions

1    pursuant to the stipulation of the parties.  See Stipulation and Order filed January 10, 2013, ECF

2    No. 20.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the

3    fee award unless it finds that the position of the United States was substantially justified.  Flores

4    v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

5          The burden of establishing substantial justification is on the government.  Gutierrez v.

6    Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the

7    Supreme Court defined "substantial justification" as 'justified in substance or in the main' -- that

8    is, justified to a degree that could satisfy a reasonable person.  That is no different from the

9    'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast

10   majority of other Courts of Appeals that have addressed this issue.  Id. at 565.  A position does

11   not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930

12   F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d

13   1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

14         In determining substantial justification, the court reviews both the underlying

15   governmental action being defended in the litigation and the positions taken by the government in

16   the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other

17   grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action

18   was not substantially justified, it is unnecessary to determine whether the government's litigation

19   position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

20         In this case, defendant has filed no opposition to the motion for fees under EAJA.  In light

21   of the stipulated remand, the court has determined the Commissioner's position in the underlying

22   administrative action was not substantially justified and fees under the EAJA will be awarded.

23         B.  Reasonable Fee

24         The EAJA directs the court to award a reasonable fee.  In determining whether a fee is

25   reasonable, the court considers the hours expended, the reasonable hourly rate, and the results

26   obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S.

27   424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  With respect to plaintiff's counsel's

28   time reviewing the transcript and briefing on the motion for summary judgment as well as the

time expended on tasks as set forth in counsel's schedule of hours, the court has determined the hours claimed are reasonable as is the claimed rate. The court will therefore award EAJA fees in the amount of $3,913.45. The EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521 (2010).

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $3,913.45.

Dated: May 9, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 elder0769.eaja